IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| MICHAEL E. SMITH, et al., on behalf of himself and a class of similarly situated plaintiffs, <br><br> PLAINTIFFS <br> v. <br><br> PADUCAH & LOUISVILLE RAILWAY, INC. et al. <br><br> DEFENDANTS | Case No.: 3:12-CV-00818-CRS <br> Hon. Charles R. Simpson, III |

**PROPOSED AMENDED ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, APPROVING FEES AND EXPENSES AND DIRECTING ENTRY OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Michael C. Smith and Defendants Paducah & Louisville Railway, Inc., P&L Transportation, Inc., Four Rivers Transportation, Inc. (together with Paducah & Louisville Railway, Inc. and P&L Transportation, Inc., "P&L"), R.J. Corman Derailment Services, LLC ("RJ Corman"), Center for Toxicology and Environmental Health, LLC ("CTEH"), RAE Systems, Inc. ("RAE"), Honeywell International Inc. ("Honeywell," and together with RAE, "RAE/Honeywell") and CSX Transportation, Inc. ("CSXT," and collectively, "Defendants") jointly moved the Court for final approval of the proposed Class Settlement Agreement and General Release ("Settlement Agreement"). Additionally, Settlement Class Counsel has petitioned for an award of fees and expenses.

On August 27, 2014, this Court entered the Preliminary Approval Order in the Action, preliminarily approving the terms of the class action settlement as set forth in the

Settlement Agreement. On November 18, 2014, this Court conducted a Fairness Hearing to: (a) determine whether this Action should be finally certified as a class action for settlement purposes pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure; (b) determine whether the proposed settlement and the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate and should be finally approved by the Court; (c) determine whether final judgment should be entered in the Action pursuant to the Settlement Agreement; (d) entertain any objections of the Settlement Class Members and any other affected person(s) as to the certification of the Settlement Class, the proposed settlement, or any other matter related thereto; (e) consider Settlement Class Counsel's petition for an award of attorneys' fees and reimbursement of expenses; and (f) rule on any other matter pertaining to the proposed settlement.

      The Court determines that the notices provided to the Settlement Class Members fully complied with all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and the Notice Plan approved by this Court in the Preliminary Approval Order, and are sufficient to confer upon this Court personal jurisdiction over the Settlement Class. Members of the Settlement Class were notified of the hearing to address the fairness of the proposed settlement to the Settlement Class and were given an opportunity to appear and to voice objections to the class certification for settlement purposes and/or the settlement. The Court also received and considered arguments and evidence from the attorneys for the respective parties in connection with the proposed compromise and settlement of the Action and the award of Settlement Class Counsel's attorneys' fees and expenses and Settlement Class Representative's incentive award, and gave all persons requesting to be heard an opportunity to be heard in accordance with the procedure set forth in the Preliminary Approval Order. Based on the oral and written argument

and evidence presented in connection with the motions, the Court makes the following findings of fact:

      A.      The Settlement Class preliminarily certified by order of this Court for settlement purposes only is appropriate for certification in the context of the Settlement Agreement, and is hereby finally certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure. The Court makes no findings regarding whether the Settlement Class would be appropriate for class certification in the absence of the proposed settlement.

            1.      The Settlement Class is so numerous that joinder of all members is impracticable.

            2.      There are questions of law and fact common to the Settlement Class. The Settlement Class asserts claims against P&L, RJ Corman, CTEH, CSXT and RAE/Honeywell in connection with the train derailment that occurred on October 29, 2012, the flash and fire that occurred on October 31, 2012, and other fire(s), environmental release(s) and cleanup that occurred near West Point, Kentucky, beginning on October 29, 2012 (the "Incidents").

            3.      The claims of the Settlement Class Representative are typical of the claims of the Settlement Class. The Settlement Class Representative, like all Settlement Class Members, alleges inconvenience, personal injuries and/or property damage from the Incidents.

            4.      The Settlement Class Representative has fairly and adequately represented and protected the interests of the Settlement Class. The Settlement Class Representative asserts typical claims and has common interests with the unnamed members of the Settlement Class in seeking redress for alleged inconvenience, personal injuries and/or property damage from the Incidents. In addition, the Settlement Class Representative has vigorously prosecuted the interests of the Settlement Class through well-qualified counsel experienced in similar class

action litigation, including during negotiations of the Settlement Agreement and its presentation to the Court.

        5.    Having taken into consideration the matters listed in Rule 23(b)(3)(A)-(D), the Court finds that in the context of the proposed class settlement, common issues related to alleged inconvenience, personal injuries and/or property damage from the Incidents predominate over questions affecting individual Settlement Class Members. The Court notes that individual issues of causation of the injuries alleged by the Settlement Class Members will not be tried in the context of the Settlement Agreement. Accordingly, in the context of the Settlement Agreement, questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members. Furthermore, in the context of the settlement, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

    B.    The consideration to be given to members of the Settlement Class under the terms of the Settlement Agreement is reasonable considering the strengths and weaknesses of the claims of the Settlement Class.

    C.    The Settlement Agreement is fair, adequate, and reasonable and in the best interests of the Settlement Class.

    D.    The Settlement Class has at all times, including during the negotiation of the Settlement Agreement and its presentation to the Court, been represented by competent counsel. Settlement Class Counsel has recommended to the Court that the Settlement Agreement be approved. Settlement Class Counsel has exercised skill and experience in representing the Settlement Class, and their work has resulted in a substantial benefit to the Settlement Class. The Settlement Agreement provides for the payment of up to $1,050,000 to Settlement Class Counsel

for attorneys' fees, plus costs reasonably incurred in prosecution of this action (including notice costs), and Settlement Class Counsel applies for an award of fees of $1,041,562.50 and reasonably incurred costs. The Court has considered Settlement Class Counsel's motion for attorneys' fees and costs and hereby enters supplemental findings of fact and conclusions of law approving the requested costs. Settlement Class Counsel's fees and expenses in the amount of $32,553.32 shall be paid exclusively from the Settlement Fund pursuant to the Settlement Agreement.

   E. Notice of the Settlement Agreement has been mailed and published in accordance with this Court's Preliminarily Approval Order and the notice plan contained therein. The notice given in the manner specified in that order provided the best notice practicable under the circumstances, and was reasonably calculated to communicate actual notice of the litigation and the proposed settlement to members of the Settlement Class. The Court finds that the notice which has been given is consistent with and satisfies the due process rights of the entire Settlement Class.

   F. The persons who timely filed requests to be excluded from the Settlement Class in accordance with the procedures set out in the Settlement Agreement are listed on Exhibit A to this order.

   G. The Court finds that the Settlement Agreement was the result of arms length negotiation, was entered into in good faith by the Parties, and was not the product of fraud or collusion.

   **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

    1. The Court reaffirms its prior certification of the Settlement Class in its Preliminary Approval Order, and this action is hereby finally certified as a class action for settlement purposes only on behalf of a class consisting of

> All Persons residing (as their primary residence) or owning real property or maintaining a place of business between October 29, 2012 and December 31, 2012 in an area identified on the map attached as Exhibit B as the "Class Area." The class area consists of a circle with a five-mile radius that is centered on the derailment site.

2. Michael C. Smith is appointed Settlement Class Representative of the class finally certified herein.

3. The Court appoints Mr. Edgar C. Gentle, III of Gentle, Pickens & Turner as the Settlement Administrator and designates Mr. Gentle as a Special Master under Federal Rule of Civil Procedure 53. The scope of Mr. Gentle's duties as a Special Master are limited to the duties ascribed to the Settlement Administrator and Escrow Agent as set out in the Settlement Agreement. All fees and expenses of the Settlement Administrator shall be paid exclusively from the Settlement Fund pursuant to the terms of the Settlement Agreement.

4. The Court has reviewed the declaration contained in the Claim Form to be executed by the parent or other legal guardian for all settlements of claims by minors or other persons under disability. The Court expressly approves the payment of such settlements to the minor's parent or other person with legal custody of the minor pursuant to Ky. Rev. Stat. Ann. section 387.280 (Banks-Baldwin 2006). The release executed by the parent or person with legal custody of the minor shall have the same effect as a release by a duly appointed guardian.

5. After considering the factors governing the propriety of judicial approval of the proposed class settlement under Rule 23(e) and other applicable law, the Settlement Agreement and the terms of which are incorporated herein by reference, is hereby approved as fair, adequate and reasonable and in the best interests of the Settlement Class. Plaintiffs, P&L, RJ Corman, CTEH, CSXT and RAE/Honeywell have agreed to the language in this Final Order.

6. The Court approves the Payment Protocols attached hereto as Exhibit C to be used by the Settlement Administrator consistent with the terms of the Settlement Agreement for purposes of administering the settlement funds in this case. If an inconsistency between the Payment Protocols and the Settlement Agreement arises, the Settlement Administrator shall report the inconsistency in writing to the Court and Counsel for the Parties for resolution, with the Settlement Agreement to control.

7. The payment to Settlement Class Counsel of $1,041,562.50 for attorneys' fees and reasonably incurred costs of $32,553.32 from the Settlement Fund pursuant to the terms of the Settlement Agreement is hereby approved. The payment to Settlement Class Representative Michael C. Smith of $4,000 for an incentive award from the Settlement Fund pursuant to the terms of the Settlement Agreement is hereby approved. Such payment shall be made as specified in the Settlement Agreement.

8. Any dispute concerning the aggregate amount or allocation of Settlement Class Counsel's fee and expense award shall be subject to the exclusive jurisdiction of this Court and shall be a separate and severable matter from all other matters in this Final Judgment and the finality and fairness of the Settlement Agreement with the Settlement Class Members. Any appeal of the Settlement Class Counsel attorney's fees and expense award shall be severed from this final judgment and shall not affect the finality of this judgment as to the settlement and release of the Settlement Class Members' claims against the Released Parties.

9. The attorneys' fees, costs, and expense payment from the Settlement Fund described in Paragraph 5 above is the total amount that will be paid by P&L, RJ Corman, CTEH, CSXT and RAE/Honeywell for any and all attorneys' fees, costs, and expenses in connection with the Action and settlement of the Released Claims regardless of whether any member of the

Settlement Class retained separate or additional counsel, or incurred separate or additional attorneys' fees, costs, or expenses. Moreover, P&L, RJ Corman, CTEH, CSXT, and RAE/Honeywell shall have no liability for any costs or expenses associated with implementation of the Settlement Agreement, including any fees or costs incurred by the Settlement Administrator, Third Party Neutral or Settlement Class Counsel.

10. Final judgment is hereby entered dismissing with prejudice the claims of Plaintiffs and the members of the Settlement Class against P&L, RJ Corman, CTEH, CSXT, and RAE/Honeywell. Because there is no just reason for delay, the Court hereby directs the entry of a final judgment on the dismissed claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

11. All members of the Settlement Class certified in this Order (other than the opt-outs listed on Exhibit A) are bound by the Release in Section 12 of the Settlement Agreement, and are hereby permanently enjoined and restrained from filing or prosecuting any Released Claim against any Released Person as defined in Sections 1.15 and 1.16 of the Settlement Agreement. The Court hereby finds that the notice which has been given is consistent with and satisfies the due process rights of the entire Settlement Class.

12. The Court hereby dismisses the claims of Plaintiffs and the members of the Settlement Class against all defendants in the Action with prejudice and without costs, other than what has been specifically provided for in the Settlement Agreement. The Court dismisses the claims against all defendants in the Action of potential Class Members who have timely and properly requested exclusion from the Settlement Class, listed on the attached Exhibit A, without prejudice.

13. Without affecting the finality of this judgment in any way, the Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement. During the term of this Settlement Agreement, the Settlement Class Representative, P&L, RJ Corman, CTEH, CSXT, or RAE/Honeywell may apply to the Court for any relief necessary to construe or effectuate this Settlement Agreement. P&L, RJ Corman, CTEH, CSXT, RAE/Honeywell and Settlement Class Counsel may also jointly agree by written amendment to modify the provisions of the Settlement Agreement as they deem necessary to effectuate its intent, provided, however, that they may make no agreement that reduces or impairs any benefits to any Settlement Class Members without approval by the Court.

14. The Parties and the Settlement Administrator are directed to provide the benefits of the Settlement Agreement to the Settlement Class as provided for in the Settlement Agreement, and in accordance with the notice plan published and mailed to the Settlement Class.

15. The Settlement Fund shall be a Qualified Settlement Fund as described in Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1 established by order of this Court, and shall remain subject to the jurisdiction of this Court. Where applicable and in the best interests of the Settlement Class Member, the Settlement Fund is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code.

16. In the event that implementation of the Settlement Agreement results in the creation of Cy Pres Funds, the Court designates that 50% of the Cy Pres Fund shall go to West Point Elementary School playground and recreational improvements at 209 N. 13th Street, West Point, Kentucky, and 50% to WHAS Crusade for Children, Inc. at 520 W. Chestnut St.,

Louisville, KY 40202-2235. The Court specifically finds that these two local charities will provide benefits to the Settlement Class Members.

17. In the event that the class settlement does not become effective in accordance with the terms of the Settlement Agreement, then this judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and in such event, all orders and judgments entered in connection herewith shall be null, void and vacated to the extent provided by and in accordance with the Settlement Agreement.

18. The Court has considered the due process rights of absent class members and finds that such rights have been and are adequately protected herein.

19. This Order is a Final Judgment, and is in all respects a final and appealable order.

20. Except as expressly stated otherwise in this Final Order, the Preliminary Approval Order, or the Settlement Agreement, all costs shall be borne by the party incurring them.

December 15, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**